589

589 *MADISON BELL, plaintiff in error, v. THE STATE OF GEORGIA, defendant in error.

(Atlanta, January Term, 1871.)

1. CRIMINAL LAW—MISDEMEANORS—JURISDICTION OF COURTS.*—Under the Constitution of 1868, and by the laws therein adopted, the Superior Court has jurisdiction to hear and try criminal cases not involving life, or imprisonment in the penitentiary.

2. SAME—SAME—ARREST OF JUDGMENT.*—In an indictment for larceny from the person, where the property stolen was described as "twelve five dollars and one ten dollars notes, to-wit: United States promissory or bank notes of the value of seventy dollars," etc::

Held, That, after verdict, it is too late to object to the description as insufficient, and as in the alternative..

Criminal law. Certainty. Arrest of judgment. Constitutional law. Before Judge Harrell. Randolph Superior Court. May Term, 1870.

Bell was, at May Term, 1870 of said Court, indicted for larceny from the person, in said Court. The indictment charged him with the larceny of "twelve five dollars and one ten dollars notes, to-wit: United States promissory or bank notes of the value of seventy dollars." Upon it he was then and there tried and convicted. His counsel moved in arrest of judgment, upon the grounds, that the Superior Court had no jurisdiction of said offense, and because the indictment is uncertain in that it charges him with the larceny of notes "which were either United States treasury or bank notes." The motion was overruled, and he was sentenced to the chaingang for eight months or a fine of $75 00 and costs. The refusal to arrest the judgment is assigned as error.

John T. Clark, for plaintiff in error, as to uncertainty, cited 1st Whar. Cr. L., secs. 294, 629, 630; Ros. Cr. Ev., 101-2, 230, note 5. As to the jurisdiction: Irw's R. Code, secs. 4344, 4345, 4245; Const. 1868, art. 5, sec. 3, par. 2, sec. 4, par. 1

*CRIMINAL LAW—MISDEMEANORS—JURISDICTION OF COURTS.—The vesting by the legislature, in county courts, the trial of minor offenses, including simple larceny, does not confer on such courts exclusive jurisdiction. Under the constitution, concurrent jurisdiction remains in the superior courts. Shute v. State, 36 Ga. 88.

"The jurisdiction of the superior courts of this state to take cognizance of and to try and punish misdemeanors, is granted by the constitution; but such jurisdiction, however, is not exclusive, and it is competent for the general assembly to confer concurrent jurisdiction over such matters on city or county or other courts, but the legislature is not authorized to deny jurisdiction to the superior courts altogether." Porter v. State, 53 Ga. 236. At page 238, the court says, the superior courts have ever been the reservoir of judicial power, and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain in this tribunal concurrent, and generally, even supervisory power over them. Citing Shute v. State, 36 Ga. 87; Anthony v. State, 9 Ga. 264.

and 2, compared with Constitution of 1865, art. 4, sec. 2, par. 3; Act of 29th Oct., 1870, pamph., 89.

J. Kiddoo, S. W. Parker, Solicitor General by Newman & Harrison for the State.

590      *McCAY, J.

The Constitution of 1868, Article V., section 1st, declares that "the judicial powers of this State shall be vested in a Supreme Court, Superior Court, Courts of Ordinary, Justices of the Peace, commissioned Notaries Public, and such other Courts as may have been or may be established by law." Section 16th of the same article abolishes the County-Courts. Section 14th abolishes the Inferior Courts. So that at the date of the adoption of the Constitution, the only Courts in existence in Georgia, were the Courts mentioned in section 1st, of Article V., as quoted above.

The District Court, contemplated by the constitution, was dependent upon legislation for its establishment, since its Judges were to receive "such stated compensation, in their respective districts, as may be provided by law." The other Courts provided for needed no legislation to put them in operation, since the constitution adopts the Code, which fully provides everything necessary for their complete establishment and operation.

It results that the Convention contemplated that in the several Courts mentioned in Section 1st Article B., was vested the whole civil and criminal jurisdiction of this State, except as the Legislature might otherwise provide or had provided. Now, as there had been no legislative provision for the trial of criminal cases, not involving life or imprisonment in the penitentiary, by any other than the Superior Courts, (except the County-Courts which were abolished), it follows that the Constitution contemplates some one of these specified Courts was to have the jurisdiction to try minor offenses until the Legislature should prescribe another tribunal. The constitution adopts the Code as the law of the State, when it does not conflict with the constitution. By that Code, everywhere, the jurisdiction over all criminal cases, is in the Superior Court. The very fact that no criminal can, by the Code, be put upon his trial except upon an indictment by the grand jury, coupled with the fact, that after the abolition of the County-Court, there was no Court *with a grand jury but the Superior Court, at test that the Superior Court was the Court to which the Convention supposed they had entrusted this jurisdiction, until the legislature should otherwise prescribe. So, too, the Act of October 7th, 1868, clothing Notaries and Justices with jurisdiction over crimes of a lower grade than felony, prescribes (section VII.) that if the accused shall refuse to waive "indictment by the grand jury," he shall be committed as heretofore practiced by the Courts in this State. Committed, how and for what purpose? To be tried before the

Bell v. The State of Georgia

Superior Court. So, too, section 6th of the II. Article of the Constitution of 1868, transfers to the Superior Court the criminal as well as the civil proceedings of the County-Court. Now the County-Courts had no criminal jurisdiction except in cases not felonies.

The form of words by which the Constitution confers the jurisdiction on the Superior Courts over offenses less than felonies, is not as precise as it might be. It gives to the Superior Court "exclusive jurisdiction over cases of felony," seeming to take it for granted that this carried with it a jurisdiction over other offenses, concurrently with any other Court the Legislature might establish, with jurisdiction over such offenses. And it is in almost identical language that previous Constitutions have conferred this jurisdiction.

The Constitution of 1798, says: "The Superior Courts shall have exclusive jurisdiction in all criminal cases, except as relates to people of color, etc., and except in all other minor offenses committed by free white persons which do not subject the offender to loss of life or limb, or confinement in the penitentiary; in all such cases Corporation Courts, etc., may be vested with jurisdiction." This language grants exclusive jurisdiction in all criminal cases, except, etc.; yet, even after these Corporation Courts were established and jurisdiction was conferred upon them, it was never supposed that the Superior Court did not have jurisdiction concurrently with these Courts. In other words, it was understood that the word "except," applied only to the word "exclusive" and qualified only it, leaving the jurisdiction universal. *So, too, the Constitution of 1861 grants to the Superior Court exclusive jurisdiction in all criminal cases, except violations of road laws, offenses of people of color, and cases not felony: Art. 4, sec. 2, par. 3, Constitution of 1861.

The Constitution of 1865 uses the same language. It gives "exclusive jurisdiction to the Superior Courts in all criminal cases, except as relates to fines for neglect of duty, contempts of Courts, violation of road laws, obstruction of water courses, and in all other minor offenses which do not subject the offender," etc. And then adds, "jurisdiction in all such cases shall be vested in such County-Courts and Corporation Courts, or such other judicatures or tribunals as now exist, or may hereafter be constituted, under such rules and regulations as the Legislature may have directed, or may hereafter, by law, direct." The County-Courts were established under this clause, and jurisdiction was given to them over offenses not felonies. Yet, from 1865 to 1868 the Superior Courts continued to exercise jurisdiction over such offenses. It may, therefore, fairly be said that, since 1798, the Superior Courts have exercised jurisdiction over minor offenses, by virtue of a grant of exclusive jurisdiction over felonies, since, in each of the constitutions, the grant has taken this form, in substance—"Ex-

Bell v. The State of Georgia

clusive jurisdiction over all criminal cases, except cases not felonies." Nor has either of the Constitutions of 1798, 1861 or 1865 any clause specially conferring concurrent jurisdiction, with the Corporation or other Courts, upon the Superior Court, of cases less than felonies.

A construction of words so long concurred in and so uniform, is unanswerable. We may, therefore, fairly say that, as the constitution confers exclusive jurisdiction upon the Superior Courts of felonies, and leaves misdemeanors to be vested by the Legislature until the Legislature otherwise provides, the Superior Court was intended to have, also, that jurisdiction.

The idea of the Convention seems to have been, that the Courts mentioned in the 1st section of Article V., were to exist without interference by the Legislature, and, by adopting the Code, they furnished said courts with the full machinery and authority for performing every judicial function, *civil or criminal, that was not by the constitution denied to any Court. The Act of 1870, in terms, conferring this jurisdiction upon the Superior Court, proves nothing. It is very common and very wise, also, for the Legislature to pass Acts to settle matters in dispute, even though they but affirm what has previously been the law. Without doubt, if the Constitution did not give this power to the Superior Court, it was competent for the Legislature to confer it, since the Constitution, in express terms, declares that the Superior Courts have "such other powers as shall be conferred on them by law:" Article V., section 3, paragraph 2, Constitution of 1868.

2. Upon the other point made in this case, we do not doubt but that the description of the property alleged to have been stolen might have been more precise. But we do not think the defect is so gross as to sustain a motion in arrest of judgment. The indictment charges the defendant with stealing "twelve five dollars and one ten dollars notes, to-wit: United States promissory or bank notes, of the value of seventy dollars." The description of the notes is confused, it is true, but after verdict and with the remembrance that the jury must have been satisfied by the proof that the defendant did steal notes answering substantially the description, we think the objection comes too late.

Our Statute, Code, section 4536, provides that all objections which go merely to the form of the indictment shall be made before trial, and no motion in arrest of judgment shall be sustained for any matter not affecting the real events of the offense charged in the indictment.

This is only matter of description of the thing stolen. Very evidently the pleader meant to describe United States Treasury notes. He calls them promissory or bank notes. They are promissory notes, and as they are used as money they are often

called by the people bank notes, because they have for years been accustomed only to see paper money, in the shape of bank notes.

We do not suppose the pleader meant Treasury notes or notes of National Banks; that, perhaps, would be objectionable as in the alternative. Our understanding of the 594 words *is, that, by the words promissory or bank notes, he intended the same thing, to-wit: they were promissory notes, with the similitude of bank notes, printed on bank note paper, and ornamented with engravings, as bank notes are, and passing as money. We think, therefore, this was an objection going only to the form of the indictment.