WILSON *vs.* THE STATE. OF GEORGIA.

1. That in a case of larceny the judge inadvertently mentioned the person whose property was stolen as the prosecutor in his charge, such person not being in fact the prosecutor, will not necessitate a new trial where the prisoner's counsel heard the charge, but did · not call attention to the mistake,

2. To convict of larceny of money from the person, it is not essential that the bills stolen should be accurately and minutely described and identified, but the jury must be satisfied that such bills were on the person of the loser, and that the defendant, by himself or a confederate, was the party guilty of the larceny.

3. Where several persons were indicted jointly for a larceny of money

from the person, and one question in the case was their confederacy, though tried severally, it was not error in the court to admit in evidence a written order given by them jointly for the purpose of drawing the money found on their persons and taken from them by the officer having the prisoners in charge.

(a,) Nor was there error in admitting testimony to show that the amount stolen was paid to the loser's attorneys by the attorneys of the prisoners.

4. Where several persons were jointly indicted but tried severally, on the trial of one, a verdict that "we, the jury, find the prisoner guilty," sufficiently identified the defendant.

Criminal law.   Charge of Court.   Evidence.   Verdict. Before Judge HILLYER.   Fulton Superior Court.   October term, 1880.

Wilson was jointly indicted with Horton and Donovan for larceny from the person.   The state elected to try them severally.   On the trial of Wilson the evidence was, in brief, as follows:

On November 10th, 1880, W. G. Mosely came into the car-shed on the Central railroad about mid-day.   He had his family with him, and was also accompanied by one M     Heard and family.   He remained sitting until the crowd got out.   All this time he held his hand on his money, which was in a shot-bag in his left breeches-pocket. When the crowd passed him, he got up and went over to his wife, and took his hand, for the first time, off his money-bag to reach up for his little boy's hat.   Just at this moment he felt himself greatly pressed, and turned around to see who was thus pressing him, and as he did so, one of the defendants now indicted pushed him in the breast . and said, "let him pass." His mind recurred to his money, and he slapped his hand on his pocket and found it gone. He at once cried out, "I am robbed! I am robbed!" and at once the five men who were pressing around him ran— two toward the rear of the car, and three, the three that were caught, toward the front door.   Mosely gave chase, and ran the three men out of the car, Donovan to the West Point train on the next track, where he ran through the

car and disappeared from sight. At the time of the larceny there were no other persons near to Mosely, except his wife and these five men. The three men, in order to reach Montgomery, their destination, would have to take the West Point train, which left in a few minutes. Horton was arrested soon afterwards on the West Point car. Wilson was arrested at Fairburn, and Donovan at La Grange. Mosely identified all three as soon as he saw them.

All four of these parties had limited tickets from Cincinnati to Montgomery, marked "Theatrical," and of the same printed form. When caught at Fairburn, Wilson had $620.00 on his person sewn up in his shirt-tail, and in this money was a fifty dollar bill which Mosely identified as having been part of the money in the bag taken from his pocket, by its denomination, a torn corner, and having holes through it, where he had stuck a pin, though he did not know the number, or issuing bank, etc. The three defendants employed the same counsel, and jointly gave them an order for their money and effects held by the police officer in charge of them, and these attorneys paid to an attorney whom Mosely had employed the amount he had lost, ($590.00.) Wilson is very hard of hearing, has no hand on one arm and only a thumb and two fingers on the other.

The jury found as follows: "We, the jury, find the prisoner guilty." Defendant moved for a new trial, which was refused, and he excepted.

For the errors complained of see the decision.

L. J. GARTRELL; W. H. HULSEY; J. A. ANDERSON, for plaintiff in error.

B. H. HILL, JR., solicitor general for the state.

CRAWFORD, Justice.

Lewis Wilson, the plaintiff in error, was jointly indicted with two other persons for larceny from the person of one

Wm. G. Mosely of the sum of $590.00. The prisoners having severed, he was tried first, convicted and moved for a new trial, which the court refused, and he excepted.

The questions made by the motion for a new trial, and which have not been considered and disposed of in the case of the *State vs. Horton*, just rendered, are :

1. That the judge in his instructions to the jury, said, " The charge in the bill of indictment against the prisoner now on trial is larceny from the person òf the prosecutor," when the indictment charged the larceny to have been from the person of Wm. G. Mosely.

In verifying the grounds of the motion for a new trial the judge certifies that in charging the jury he inadvertently called Mosely the prosecutor. This inadvertence of the judge was heard by the prisoner's counsel, and if material to the defense, they should have called the attention of the judge to the same, that he might, as he undoubtedly would have done, have promptly corrected it. Not having done so, we do not think that it constitutes a good ground to set aside the verdict and grant a new trial.

2. Because the court erred in charging the jury, that it was not necessary to authorize a conviction, that the jury should believe that the evidence certainly and distinctly identified the money found on the accused, or that the bills were the same bills which were in the pockets of the prosecutor, the question being what bills were on the person of the prosecutor at the critical moment.

Whilst this charge does not clearly put the law to the jury on that branch of the case, still we think that, under a reasonable and ordinary construction, the judge meant that it was not necessary to a conviction that the bills stolen should be accurately described and identified, but that the jury must be satisfied that they were the same bills which were on the person of the loser, and that the defendant by himself or a confederate was the party guilty of the larceny.

3. Because the court erred in admitting, over defendant's objection, the order from the defendants, Wilson, Horton

and Donovan to Captain Connally to turn over their money and effects to their attorneys, and the other writing showing payment of $590.00 by said attorneys to attorneys of Mosely.

The order here referred to was one directing the officer to pay over the money taken from their possession to their attorneys. They had been jointly indicted for the same larceny, and this paper was jointly signed, and for a particular fund charged to have been involved in the transaction, and for the larceny of which they were on trial, and, as a joint act of all the parties, was admissible. The fact that the money was paid to Mosely either by themselves or their attorneys was a circumstance proper to go to the jury for their consideration.

4. Because the verdict did not specify which defendant was found guilty. The record before us shows that John Horton, Lewis Wilson and Jas. Donovan were jointly indicted; that the said defendants severed; and that the state elected to put Lewis Wilson, this plaintiff in error, on trial; and that the verdict was, "we the jury find the prisoner guilty," which we deem quite sufficient to identify the party tried.

Judgment affirmed.