## COX *et al vs.* BARBER *et al.*

Two executors sold realty of their testator; a third party bought; on the same day he conveyed the land to one of the executors individually; some two years thereafter the latter sold to a purchaser for value; the deeds on their face all purported to be for a fair and valuable consideration:

*Held,* that in the absence of all actual notice, these facts appearing from the recorded deeds were not sufficient to put the purchaser on notice that the sale was by an executor to himself, so as to prevent his being entitled to protection as a *bona fide* purchaser.

JACKSON, Chief Justice.

## HILLSMAN *vs.* THE STATE OF GEORGIA.

1. An indictment which charged that the defendant broke and entered the storehouse of a person named with intent to steal therefrom thirty dollars in money therein found, of the value of thirty dollars, and the property of the owner of the storehouse, was not demurrable for want of a more accurate description of the kind of money so to be stolen. Code, §4628; 1 Wharton Crim. Law, 320; 2 Bish. Crim. Proc., 142, 145; 2 Arch. Plead. and Prac., 1072–3.

(*a.*) Is any description of the goods intended to be taken from the house where things of value are stored necessary? *Quære.* 54 *Ga.*, 106.

2. The verdict is supported by the evidence.

JACKSON, Chief Justice.

## HAMBRIC *vs.* THE STATE OF GEORGIA.

1. The verdict is sustained by the evidence.
2. Exception to the charge as a whole is too general, and will not stand if any part of the charge is right.

SPEER, Justice.