### ROBERTS *v.* THE STATE OF GEORGIA.

83  369
107  708

83  369
115  222
115  827

1. If bills alleged to be stolen are not sufficiently described in the indictment, the indictment should be demurred to. The witnesses may give such description of them in the testimony as may be consistent with truth, and not inconsistent with what is stated in the indictment.
2. Larceny committed in a house may be simple larceny. If bills be lost in a house, and when found therein, the owner or his agent be present, but the finder, instead of making his discovery known, conceals it, takes and retains the bills wrongfully, fraudulently and with intent to steal the same, he may be convicted of simple larceny.
3. A request to charge, partly legal and partly illegal, should be declined.
4. An inaccurate statement in the charge, as to the distinction the law makes between direct and circumstantial evidence, will not vitiate the verdict, the court having correctly instructed the jury as to the legal definition of both classes of evidence, and afterwards charging that reasonable doubt was to be given in favor of the accused.
5. No hurtful error, if any, was committed by the court, and the evidence warranted the verdict.

May 3, 1889.

Criminal law. Larceny. Indictment. Practice. Charge of court. Verdict. New trial. Before Judge WELLBORN. Habersham superior court. September term, 1888.

Reported in the decision.

J. B. JONES and J. J. BOWDEN, for plaintiffs in error.

HOWARD THOMPSON, solicitor-general, for the State.

BLECKLEY, Chief Justice.

The indictment was for simple larceny, and the goods stolen, as alleged, consisted of "one hundred dollars in greenback bills, of the value of one hundred

v 83-24

dollars." There was no demurrer to the indictment for insufficient description of the bills.

Simple larceny is "the wrongful and fraudulent taking and carrying away by any person of the personal goods of another with intent to steal the same." Code, §4393. Being found guilty, the accused moved for a new trial on various grounds. We will dispose of these grounds by ruling upon all of them which seem material.

1. It was contended that it was erroneous to admit evidence descriptive of the bills stolen, inasmuch as they were not described in the indictment. It may be that the indictment was demurrable by reason of being too general in the matter of description; but this, we think, should have been taken advantage of by demurrer, and not by objection to the evidence. Certainly the witnesses, if they could testify as to bills at all, could describe them. There is no rule that restricts testimony to the limits of the indictment in describing stolen property. Any description, however minute, which is consistent with the indictment may be given in the testimony.

2. The bills were lost from possession of an agent of the owner, and it is doubtful whether they were lost in a certain railroad depot or elsewhere, some of the evidence tending to show that the loss took place in the depot. The accused may have found them in that building, but if he did so it was whilst the agent of the owner was present, to whom he might have restored them instantly if he had not intended to steal them. They had not been placed in the house by design, if they were there at all, and consequently were not, so to speak, in the protection of the building as a house. Larceny from the house, as defined by the code, §4413, "is the breaking or entering any house with the intent to steal, or after breaking or entering said house, stealing therefrom any money, goods, chattels, wares, merchandise, or any thing or things of value whatever."

If the finding was in the house, the stealing was there also; and though it may have been larceny from the house, we think, under the peculiar circumstances of such a larceny from the house, it was one which included simple larceny. He had already stolen the money before he left the house, and if he never had left it, the simple larceny would have been complete.

3. A lengthy request to charge was made, embracing numerous propositions, some of which perhaps were legal, but certainly others of them were illegal. This being so, the request was properly refused.

4. After defining to the jury in terms of the code, both direct and circumstantial evidence, the court charged as follows: "The only distinction that the law makes between the two classes of evidence is, that where positive and direct evidence is relied upon, then the jury must be satisfied beyond a reasonable doubt of the guilt of the party. If circumstantial evidence alone is relied upon for conviction, the rule is then that the evidence must go to the extent of satisfying the jury to the exclusion of every other reasonable hypothesis except that of the guilt of the accused." The court added in a subsequent part of the charge: "If after you have gone over all the testimony of the case, and weighed and considered it, there remains in your minds a reasonable doubt as to whether the defendant is guilty or not, you ought to give him the benefit of that doubt and acquit him, but the doubt must be a reasonable one." It is plain that the court was not accurate in saying that the only distinction that the law makes between the two classes of evidence is as he states. But we think this inaccuracy did no harm. It was not necessary to charge at all on the distinction; for the court had already properly defined direct and circumstantial evidence; and from the definition, the jury could see the distinction which was material for themselves. We do not quite understand what the court

meant by the *only* distinction, and by stating it in the terms above recited; nor have we any idea that the jury understood this part of the charge. If they thought the court meant that direct evidence must be strong enough to exclude reasonable doubt, and circumstantial strong enough to exclude reasonable hypothesis, they probably thought hypothesis and doubt both had to be expelled from the mind, in a case of circumstantial evidence as this was. And they were subsequently told again that if reasonable doubt remained, the benefit of it was to be given to the accused. The result is, that while we cannot approve the only distinction between the two sorts of evidence as marked out in the charge, because, besides other reasons, we do not quite understand it, yet if error at all, we are satisfied it is not reversible error.

5. If the court committed any other error, it was not such as to be hurtful to the accused. The evidence warranted the verdict, and a new trial was properly refused.              *Judgment affirmed.*