ALLEN *v.* THE STATE.

86　399
0119　260

1. By the code, §4414, larceny from the house of anything under the value of $50 is a misdemeanor only ; while, by section 4406, simple larceny, where the property stolen is a note, due-bill, bank-bill, or any paper for the payment of money or other valuable thing, is a felony. It follows that a person indicted and tried for larceny from the house on a charge of stealing in a house ' one five-dollar bill of the value of five dollars," cannot be convicted of simple larceny.
2. The indictment and trial being for a misdemeanor, and the verdict being for a felony, judgment will be arrested on motion.
   December 23, 1890.

Larceny from the house. Criminal law. Indictment. Verdict. Before Judge MILNER. Gordon. superior court. August term, 1890.

Reported in the decision.

E. J. KIKER, R. J. & J. McCAMY, for plaintiff in error. A. W. FITE, solicitor-general, *contra.*

BLECKLEY, Chief Justice.

The penal code is in an unfortunate condition with respect to its provisions on the subject of larceny. By section 4414, larceny from the house of any " goods, money, chattels, wares or merchandise, or any other article or thing, under the value of fifty dollars " is punishable as a misdemeanor only, the penalty being that prescribed in section 4310. By section 4406, simple larceny, where the property stolen is a note, due-bill, bank-bill, or any paper securing the payment of money or other valuable thing, is punishable as a felony by imprisonment in the penitentiary from one to four

years. The stealing of a bank-note for one dollar outside of any building or structure is a felony, whilst stealing from a house anything whatever under the value of $50 is only a misdemeanor. Worse still, according to the code as it now stands, the stealing of a million of dollars in gold or silver, lying loose out of doors, would be a mere misdemeanor, no punishment being prescribed for it save that laid down in section 4310, and this would be reached by virtue of section 4409, under the phraseology " all simple larcenies or thefts of the personal goods of another, not mentioned or particularly designated in this code." The larceny of paper money, under the description of bank-bills, notes, etc., is mentioned and particularly designated, but not the larceny of metallic money or of money generally, unless the larceny is committed in a house, etc., or from the person.

1. The indictment in this case was for larceny from the house, and the property stolen was described as " one five-dollar bill of the value of five dollars." The court charged the jury that if they found the accused did not take it from the house as charged in the indictment, but that he feloniously took it outside of the house with intent to steal, then under this indictment they could find him guilty of simple larceny. This was the verdict rendered. The charge of the court was clearly erroneous. The ordinary meaning of a five-dollar bill is a bank-bill for the payment of five dollars. And certainly no meaning for such a description could be found that would not make it signify a bank-bill, a note, due-bill, or some paper securing the payment of money or other valuable thing. Any of these instruments would be comprehended in section 4406, if the stealing was simple larceny, and the punishment for the offence would have to be imprisonment in the penitentiary. But the indictment was for stealing a five-

dollar bill in a house, and consequently the offence-charged was a misdemeanor, and. the trial of it would have to be conducted, with reference to the number of challenges allowed and in all other respects, accordingly. The accused, upon such an indictment, could not undergo the jeopardy of a conviction for felony, and he certainly could not be convicted of an offence touching which he was in no jeopardy.

2. Nor could the court sentence the accused upon the verdict found to any punishment whatever. He could not be sentenced for a misdemeanor, because he was not convicted of it. He could not be sentenced for a felony, because he was not indicted for it. The result is that the court erred not only in charging the jury, but in denying the motion made in arrest of judgment.

*Judgment reversed.*