CANNON *v.* THE STATE.

1. In an indictment for larceny from the house, a description of the thing stolen as "twenty-seven hundred dollars in money of the value of twenty-seven hundred dollars" is sufficiently full and accurate to withstand a special demurrer.

2. Where an indictment contains two counts charging the defendant with the crimes both of burglary and of larceny from the house, a verdict finding him guilty of larceny from the house can not be deemed unwarranted by the evidence on the ground that the evidence also shows him to be guilty of the other offense of burglary.

3. The evidence warranted the verdict, and no sufficient reason appears for reversing the judgment of the trial court.

Argued May 21,—Decided July 3, 1906.

Indictment for larceny from the house. Before Judge Kimsey. Habersham superior court. April 9, 1906.

*H. H. Dean, J. C. Edwards,* and *I. L. Oakes,* for plaintiff in error. *W. A. Charters, solicitor-general,* contra.

ATKINSON, J. 1. On the trial of the case in the court below the defendant demurred to the indictment, upon the grounds: (*a*) that "the description of the money alleged to have been stolen was insufficient in law, and does not describe the money so as to put the defendant on notice of what kind or character of money the State expects to prove to have been taken or stolen by the defendant;" (*b*) because "the description, twenty-seven hundred dollars in money, is entirely too vague and uncertain to put the defendant upon any notice whatever as to the kind or character of the money lost and alleged to have been stolen, and does not put the defendant upon notice of the facts charged against him with sufficient certainty." The indictment charged that the money alleged to have been stolen was the property of Ellen S. Goss, and was taken from "the smoke-house of said Ellen S. Goss in the county aforesaid." The indictment was not deficient for want of a more specific description of the money alleged to have been stolen. *Hillsman* v. *State,* 68 *Ga.* 836. Nor was the indictment deficient in respect to the other descriptive averments. The allegations were sufficient to put the defendant clearly and fully upon notice of what he was called upon to defend. In *Melvin* v. *State,* 120 *Ga.* 490, it is held that in an indictment for simple larceny a description of the thing stolen is not sufficient which merely describes the article as "one shovel of the value of one dollar." But in that case the court

50

draws a distinction between cases where there are no attendant collateral circumstances tending to describe the property alleged to have been stolen and other cases where there are such attendant circumstances. In the latter class of cases, the description of the article stolen is considered in connection with the other circumstances which go to individualize the larceny, and in such case it is called a compound larceny. In the opinion in *Melvin* v. *State,* supra, it is said, that "in indictments for compound larceny, the allegations in reference to the aggravated fact serve to individualize the transaction, and a more general description of the property is permissible in such cases than would be permitted in indictments for simple larceny. From that view of the case, the cases of *Sanders* v. *State,* 86 *Ga.* 717, and *Powell* v. *State,* 88 *Ga.* 32, control the case at bar and require that the judgment of the court below in overruling the demurrer be affirmed. The larceny charged in the case at bar is one of a compound nature. It is alleged in the first place that the thing stolen was money and was the property of Ellen S. Goss, and that it was stolen in the county of Habersham. In addition to these averments, it is further alleged that it was stolen from the smoke-house of the said Ellen S. Goss. Under these allegations, the indictment conforms to the rulings as made in the cases above cited.

2. The indictment contained two counts, one for burglary, and the other for larceny from the house of goods of greater value than $50. Under the evidence the house from which the goods were stolen was the smoke-house of Ellen S. Goss, and was within the curtilage of her residence. The evidence upon the part of the State, if it proved anything, proved that the house was broken and entered and that goods were stolen therefrom, which made a complete case of burglary. The jury convicted the defendant of larceny from the house of goods exceeding in value $50. The defendant contends, that, under these circumstances, the offense, if any, was burglary, and not larceny from the house, and that a verdict finding the defendant guilty of larceny from the house was unsupported by the evidence, and was not authorized by law or evidence. Upon this point this case is controlled by the decision in the case of *Barlow* v. *State,* 77 *Ga.* 448. In the report the statement of facts is not given, but the original record of file in this court shows that the charge of the court complained of was as follows: "If you

believe the defendant did take from the chicken-house of G. T. Cunningham six chickens; that such taking was wrongful, fraudulent, and private and accompanied at the time with intent to steal the same, if the chickens were the property of the said Cunningham and of some value under the value of $50, if you believe these facts beyond a reasonable doubt, then the defendant is guilty and you would be authorized so to find by your verdict; and this would be so although you should further believe from the evidence that the defendant, in order to lay hands on the chickens, removed a prop against the door of the house and opened said door to gain admission therein and although such house was within the curtilage of a dwelling-house. The offense of burglary, when it involves as one of its ingredients theft, includes within it as a lesser offense the offense of larceny from the house. Burglary in such a case would be larceny from the house with the aggravation added of breaking and entering a dwelling-house or other house within the curtilage." The charge of the court above quoted was affirmed by this court, and commits us to the proposition that if larceny from the house is committed under circumstances which would authorize a conviction of the offense of burglary, the defendant may nevertheless be convicted of the offense of larceny. It is no palliation or excuse for the offense of larceny that the defendant, in order to enable himself to commit the larceny, broke and entered the house, thereby committing the other offense of burglary. The entire transaction involved two separate and distinct offenses, and, under the indictment containing the two counts, he could have been convicted of either.

3. During the progress of the trial the court admitted testimony of the prosecutor as follows: "She [meaning Mrs. E. S. Goss from whom the money was alleged to have been stolen] said something about a gold dollar. The gold dollar she described to me corresponds with the one in evidence, a gold dollar with a hole in it." This evidence was objected to upon the ground that it was hearsay and otherwise irrelevant and immaterial. The testimony was hearsay and open to the objections urged against it, but, there being other evidence to the same effect and the issues of fact on identity of money not being sufficiently close, we do not regard the admission of this evidence as harmful to the defendant. We have carefully examined all of the evidence, and find that it was sufficient to support the verdict. There being no other errors com-

plained of sufficient, in our judgment, to authorize a reversal of the judgment of the court below, the discretion in refusing to grant a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*