### 7482.  PIERCE *v.* THE STATE.

A conviction of simple larceny was warranted, the evidence authorizing
the inference that the accused knew, at the time the money was de-
manded of her, that the money alleged to have been stolen, and which
she had picked up in the street and at first refused to surrender, was
the property of the person who first demanded it, and that she appro-
priated it with intent to steal.

DECIDED JULY 12, 1916.

Accusation of larceny; from city court of Americus—Judge
Harper.   April 22, 1916.

*S. T. Pinkston,* for plaintiff in error.
*T. H. Fort, solicitor,* contra.

Accusation of larceny; from city court of Columbus—Judge Tigner. April 22, 1916.

*S. T. Pinkston,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.

WADE, C. J. 1. The accused was convicted of simple larceny. There was evidence at the trial to the effect that she and Jeter and Riley were all standing upon a sidewalk; that Jeter gave Riley a five-dollar bill to get changed for him; that it dropped from Riley's hand, and the wind blew the money up the street towards the accused; that Jeter saw her pick up the money, and immediately went to her and demanded the money, and she refused to surrender it; that she stuck the money in her belt, got into a wagon, and drove off; that Riley procured a policeman, who demanded the money; that at first she denied having any money at all, but upon threat of arrest she took the five-dollar bill from her person and gave it to the officer; that she then told the officer that she would have surrendered the money when first requested, but that "they came at" her "wrong." *Held:* These facts were sufficient to make out a case of simple larceny, since they authorized the jury to infer that the accused appropriated the money to her own use, knowing that it belonged to Jeter, and consequently with the intent to steal the same. See *Love* v. *State, 9 Ga. App.* 870 (72 S. E. 433); *Flemister* v. *State, 121 Ga.* 146 (48 S. E. 910); *Slaughter* v. *State, 113 Ga.* 284 (38 S. E. 854, 84 Am. St. R. 242); *Roberts* v. *State, 83 Ga.* 369 (9 S. E. 675).

2. The several grounds of the motion for a new trial complaining that certain excerpts from the charge of the court were erroneous can not be considered, since they fail to point out the errors complained of or to show how they were harmful.

*Judgment affirmed.*