*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

---

## 12828. McNATT *v.* THE STATE.

BROYLES, C. J. 1. There is no merit in a ground of the motion for a new trial which complains that the court refused to direct a verdict in favor of the accused. It is never error to refuse to direct a verdict.

2. Where one obtains possession of money by trick or fraud with intent to appropriate it to his own use, and the owner intends to part with the possession only and not with the property, the possession of the money is obtained unlawfully, and the subsequent appropriation of it in pursuance of the original intent is simple larceny. *Martin* v. *State,* 123 *Ga.* 78 (51 S. E. 334), and authorities cited. In the instant case the evidence authorized a finding that the defendant obtained possession of the money of the prosecutor by a trick or fraud with intent to appropriate it to his own use, and that the owner intended to part with the possession of the money only, and that subsequently the accused appropriated the money to his own use in pursuance of his original intent.

3. The indictment charged the accused with simple larceny, alleging that he stole $130 in paper money, the same being in the denominations of five twenty-dollar bills and three ten-dollar bills, of the personal goods of B. F. Morris and of the value of $130. This indictment was good in substance, and was not even subject to special demurrer on the ground that it did not disclose what kind of money was stolen. *Johnson* v. *State*, 119 *Ga.* 257 (45 S. E. 960). Upon the trial B. F. Morris testified that he was the owner of the money stolen and that it was paper money of the denominations of five twenty-dollar bills and three ten-dollar bills. "As the ordinary meaning of a five-dollar bill is a bank-bill for the payment of five dollars" (*Allen* v. *State*, 86 *Ga.* 400, 12 S. E. 651), the testimony of the owner of the money, that it consisted of five twenty-dollar bills and three ten-dollar bills, was sufficient proof that the money was bank bills, in the absence of anything to the contrary, and the verdict finding the defendant guilty of simple larceny was not contrary to law and the evidence. This ruling is not in conflict with any holding in *Johnson* v. *State*, supra, for in that case the indictment charged the accused with stealing "one hundred and twenty dollars in paper money, to wit, two twenty-dollar bills, five ten-dollar bills, and six five-dollar bills," and upon the trial the only evidence as to the kind of money stolen was that it was "paper money." There was no evidence in that case that the money stolen consisted of twenty-dollar bills, ten-dollar bills, and five-dollar bills, as alleged in the indictment, and it was accordingly held that the State had failed to prove the charge as laid, and the judgment overruling the motion for a new trial was reversed. In the instant case every material averment in the indictment was sustained by the proof.

4. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

　　　　*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

　　　　　DECIDED NOVEMBER 17, 1921.

Indictment for larceny; from Montgomery superior court — Judge Eschol Graham. July 26, 1921.

*M. B. Calhoun, W. B. Kent,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.