26983. OLIFF *v.* THE STATE.

DECIDED SEPTEMBER 7, 1938. REHEARING DENIED OCTOBER 10, 1938.

*M. Warren Tenenbaum, Whaley & Rawlins,* for plaintiff in error.
*M. H. Boyer, solicitor-general, Will Ed Smith, W. S. Mann,* contra.

GUERRY, J. The defendant was convicted of the larceny of a certain "Austin Western elevating grader, same being of metal and of the value of $1000," the property of the Coffee Construction Company. The defendant was a junk dealer. He admitted the taking and carrying away of the machine, but claimed that he bought it for five dollars from F. A. Smith, a commissioner of Telfair County, and in the daytime cut it up and loaded it on a car. The only question for the jury was whether the State's evidence was sufficient to show an intent to steal. The owners testified that it was of the value of one thousand dollars, and that when they left McRae, Georgia, they asked Mr. Yancey, the chief of police, to "keep an eye on it for us." Mr. Yancey testified that the defendant came to him in September and asked who owned the machine, and "I told him it was owned by the Coffee Construction Company. . . This was before it was moved by Oliff." F. A. Smith, the county commissioner from whom the defendant claimed he bought the grader, testified that in September the defendant "came to me and asked me about buying certain junk in the rear of Daniel Implement Company. . . I did not go down to see what he wanted to buy, but he said it was junk, and I sold it to him for five dollars." Also, that the defendant came to him and told him that the county had some old scrap junk down behind the warehouse, and that it was of little value, worth about five dollars; that Oliff did not mention any elevating grader machine such as is described in the indictment; that no mention was made of any kind of machine; and that what he sold to Oliff was described as old junk, and his recollection was that Oliff told him that "one of the Coffees told him [Oliff] that the junk did not belong to the Coffee Construction Company."

While it is true "the publicity of the taking is very powerful evidence to establish the bona fides of the claim of right" (*Causey v. State*, *79 Ga.* 564, 566, 5 S. E. 121), it is not necessarily conclusive on such question. To our mind, accepting the State's evidence as the truth of the transaction, it appears that the defendant, after having been notified by the chief of police that the grader belonged to the Coffee Construction Company, went to Mr. Smith to purchase some "old scrap junk" of little value. He did not mention that it was an elevating grading machine, and he said "the junk did not belong to the Coffee Construction Com-

pany." The evidence warranted a finding that the machine was of the value of $1000, and that the defendant had notice of the fact that the Coffee Construction Company owned the same, that he described the grader to Mr. Smith as "old scrap junk," but failed to mention that it was a machine. These circumstances were sufficient to warrant a finding by the jury that the taking, although public, was not bona fide; and this court will not reverse a verdict of guilty on the general grounds alone.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*