## 30810.  McBRIDE v. THE STATE.

DECIDED APRIL 19, 1945.

*W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, solicitor-general,* contra.

BROYLES, C. J.  The defendant was convicted of simple larceny, and his motion for a new trial was overruled.

The evidence for the State (the defendant introduced none, and made no statement to the jury) showed the following undisputed facts:  On July 1, 1944, there was a political meeting in Statesboro, Bulloch County, Georgia, and a large crowd was present.

Ned Mincey was sitting there between the defendant and Bill Faison and talking with them. Mincey had in a pocket of his pants a pocketbook containing four ten-dollar bills, ten one-dollar bills, and one five-dollar bill. He got up and walked across the street and then discovered that his pocketbook and money were missing. He at once walked back and saw the defendant and Faison walking away. He called to them but did not know whether they heard him. He then notified the police, and the defendant was arrested. The defendant told the police that he had not found any money; but, when confronted by Faison, admitted that he found $14 and gave $7 of it to Faison. He also told where $5 of the money was in his house and the officers found it there. Faison testified: "I did not have anything to do with taking the money. I did not see Ned Mincey drop his pocketbook, but I saw Dan McBride pick it up, open it, unwrap some paper from around the money, take the money out, and throw the pocketbook under the bushes. He then walked off towards the livery stables and I followed along after him. When we got to the stables, Dan said he wanted to give me something and he handed me $7. I asked him what for, and he said, 'Keep quiet and say nothing about what you seen.' He said, 'You saw me pick up that pocketbook and take the money out of it?' I said, 'Yes.' I do not know how much money he had and did not know whose it was. I returned the $7 to the police." Another witness, Mrs. Mock, testified that she saw the defendant pick up the pocketbook, take some money out of it, and throw the pocketbook in the bushes.

As before stated, all of this evidence was uncontroverted, and we think it was sufficient to authorize the jury to find the defendant guilty of simple larceny. However, counsel for the defendant contends that because the evidence failed to show that the defendant, when he found the money or when he converted it to his own use, knew to whom the money belonged, his conviction was unauthorized; and, to sustain his contention, he cites *Love* v. *State*, 9 *Ga. App.* 874 (72 S. E. 433), *Slaughter* v. *State*, 113 *Ga.* 284 (38 S. E. 854) ; *Flemister* v. *State*, 121 *Ga.* 146 (48 S. E. 910), and *Pierce* v. *State*, 18 *Ga. App.* 432 (89 S. E. 430). In several of these cases the facts showed that the defendants, when they found the lost properties, knew to whom they belonged, and the appellate courts recited all the facts of the cases, including said knowledge,

and merely held that those facts authorized a conviction for simple larceny. But none of the cases hold that a finder of money or other property can not be convicted legally of simple larceny unless, at the time of the finding, he knew to whom the money belonged. "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same" (Code, § 26-2602); and the undisputed evidence in this case amply authorized the jury to find that the defendant wrongfully and fraudulently, with intent to steal, took and carried away the personal goods of Mincey, the prosecutor. And the circumstances were sufficient to warrant a finding that the taking of the goods, although done in the presence of a large crowd, was not an innocent taking, but was a taking with intent to steal. *Oliff* v. *State*, 58 *Ga. App.* 444, 446 (198 S. E. 807).

In our opinion this case is controlled by the decision in *Love* v. *State*, supra. In that case this court stated: "The accused said that he found the watch [alleged to have been stolen by him] near a woodpile near where the prosecutor's automobile was standing, and found it soon after the prosecutor left. The accused took the watch and traded it off. That the watch of the prosecutor was lost from his possession, and that the accused found it and took it and appropriated it to his own use, knowing that it was somebody else's property, and probably knowing that it was the prosecutor's, are salient facts proved by direct and uncontroverted testimony. The only feature of the case left to inference was whether there was an intent to steal. Intent, in practically all cases, must be shown by the inference arising from the facts shown. We do not think that, from a practical standpoint, it is correct to say that it is 'a conviction on circumstantial evidence,' where all the salient facts of the case (including the facts on which the inference itself rests) are directly proved, and only the intent with which the proved acts were committed is a matter of inference. If so, it would be proper to speak of a conviction for homicide as being 'a conviction on circumstantial evidence,' where eye-witnesses see the killing, but the jury must infer the malice or heat of passion, as the case may be, from circumstances surrounding the transaction."

In view of the preceding rulings, the two special grounds of the

motion for a new trial, complaining of certain alleged errors of omission in the charge of the court, are without merit.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*