HARPER *v.* ATLANTA MILLING COMPANY *et al.*

No. 16193.  MAY 13, 1948.

**610**

*Robert T. Speer, Leonard Pennisi, S. L. Mascotti,* and *J. Bernard Wofford,* for plaintiff in error.

*Edwin L. Sterne, Louis Geffen,* and *Candler, Cox & McClain,* contra.

WYATT, Justice. ■ No exception was taken to the order appointing a receiver. Two of the assignments of error relate to interlocutory orders passed prior to the overruling of the general demurrer filed by the plaintiff in error. "Interlocutory exceptions can not be considered in this court until a final disposition of the case in the court below. Therefore, on exceptions to the overruling of a demurrer to a bill in equity, interlocutory exceptions to rulings made in the progress of the case prior to the demurrer can not be considered." *Mechanics' & Traders' Bank of Rome* v. *Harrison,* 68 *Ga.* 463 (1); *Hooks* v. *Prince,* 171 *Ga.* 688 (156 S. E. 2d, 683).

■ Even though a petition for extraordinary equitable relief is not properly verified as required by the Code, § 81-110, this

does not as a matter of law demand its dismissal on general demurrer. *Williams* v. *Porter*, 202 *Ga.* 113 (42 S. E. 2d, 475); *Bracewell* v. *Cook*, 192 *Ga.* 678 (16 S. E. 2d, 432).

■ "Creditors may attack as fraudulent a judgment or conveyance, or any other arrangement interfering with their rights, either at law or in equity." Code, § 28-104. "Since the uniform procedure act of 1887 a creditor may in one suit proceed for a judgment on his debt and to set aside a fraudulent conveyance made by his debtor." *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525, 526 (9 S. E. 2d, 761), and cit. The Code, § 28-201, declares: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz: 1. Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him. 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." By § 48-110 of the Code, it is provided: "An insolvent person may not make a valid gift to the injury of his existing creditors."

If an insolvent debtor, for the purpose of hindering, delaying, and defrauding his creditors, uses his assets in the purchase of property, taking title in the name of a third person, who has full knowledge of the purpose of the transaction, such a transaction is fraudulent as to existing creditors. In the instant case, the petition, as amended, alleges such a state of facts; and, on general demurrer, these facts must be accepted as true. In these circumstances, a defrauded creditor may, in a court of equity, have the fraudulent transaction set aside; and, for this purpose, the third party to the transaction would be a proper and necessary party. The amendment to the petition, which sought to

612

make Mrs. Hattie Harper a party defendant, was germane to the original cause of action and conducive to the grant of complete relief with respect to the same matter, and consequently it was not objectionable as adding a new and distinct cause of action.

*Judgment affirmed. All the Justices concur. Bell, J., concurs specially.*