## 34906. TRIPP *v.* THE STATE.

CARLISLE, J. 1. An assignment of error in a direct bill of exceptions to the overruling of demurrers to an indictment is such a final judgment, within the meaning of Code § 6-701, as to be reviewable by this court; but an assignment of error in the same bill on exceptions pendente lite to the trial court's action in striking a plea in abatement to the indictment is not. The ruling striking the plea is interlocutory, leaving the case pending in the trial court, and is reviewable only after a final determination of the case. *Mechanics' & Traders' Bank* v. *Harrison,* 68 *Ga.* 463; *Harper* v. *Atlanta Milling Co.,* 203 *Ga.* 608 (48 S. E. 2d 89), and citations.

2. While it is elementary that the ownership of the funds alleged to have been embezzled must be alleged in an indictment for embezzlement (*Scarboro* v. *State,* 207 *Ga.* 449, 62 S. E. 2d 168), the special presentment is not defective in that regard, as it is alleged therein that the monies embezzled were the "public school funds of the said County of Dodge," which is an allegation of ownership in the County of Dodge and properly lays the ownership of the funds. *Bridges* v. *State,* 103 *Ga.* 21 (29 S. E. 859). The allegation that the control and management of the funds is vested in the County Board of Education is quite proper (Code §§ 32-942, 32-1105, 32-1106, 32-1113), and is not contradictory of the allegation of ownership in the county.

3. It is alleged that the defendant is County Superintendent of Schools of the County of Dodge. The superintendent of schools is by law made the treasurer of the county board of education (Code § 32-941); and it is alleged that the defendant as County Superintendent of Schools came into possession, custody, and control of the funds, alleged to have been embezzled, by virtue of his office, and that on October 28, 1950, and divers other dates thereafter, he embezzled, stole, secreted, and fraudulently took and carried away, and converted to his own use $18,262.50 in money, of the value of $18,262.50, and other sums to the grand jurors unknown. These allegations, substantially in the language of Code § 26-2801, sufficiently specify the acts of embezzlement. *Bridges* v. *State,* supra; *Camp* v. *State,* 31 *Ga. App.* 737 (122 S. E. 249); *Jackson* v. *State,* 76 *Ga.* 551, 571.

4. The property alleged to have been embezzled is money, and the allegation that it was of the value of $18,262.50, and other sums to the grand jurors unknown, sufficiently describes that property. *Cody* v. *State,* 100 *Ga.* 105 (28 S. E. 106); *Humphries* v. *State,* 100 *Ga.* 260 (28 S. E. 25); *Cannon* v. *State,* 125 *Ga.* 785 (54 S. E. 692).

The trial court did not err, for any reason assigned, in overruling the demurrers to the special presentment.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*
DECIDED NOVEMBER 10, 1953—REHEARING DENIED NOVEMBER 24, 1953.

*Bloch, Hall, Groover & Hawkins, Will Ed. Smith,* for plaintiff in error.

*Roger H. Lawson, Solicitor-General, A. R. Ross,* contra.

By special presentment, the grand jury of Dodge County charged that "Manning W. Tripp on the 28th day of October in the year nineteen hundred and fifty, in the county aforesaid, while employed as County Superintendent of Schools of said County of Dodge, the same being a public department and station and office of government of said county, and by virtue of his said office and employment, having possession, custody and control of, and being entrusted with the monies comprising the public school funds of said County of Dodge, vested in the control and management of the County Board of Education of said County of Dodge, constituted by Walter Daniel, Lon May, Ollie Moore, J. H. Donaldson, and W. A. Mizell, who were then and there the duly qualified and acting members of said county board of education, did on said date, and on divers other dates thereafter, embezzle, steal, secrete and fraudulently take and carry away with intent to steal the same, and unlawfully convert to his own use $18,262.50 in money, of the value of $18,262.50, and other sums of money to the grand jurors unknown, the same then and there being public school funds of the said County of Dodge, vested in the control and management of the County Board of Education of said County of Dodge, constituted by Walter Daniel, Lon May, Ollie Moore, J. H. Donaldson, and W. A. Mizell, who were then and there the duly qualified and acting members of said county board of education as aforesaid, and which said amount of $18,262.50, and said other sums to the grand jurors unknown, were not taken by the said Manning W. Tripp in a lump sum, but consisted of various lesser sums received by and entrusted to the said Manning W. Tripp by virtue of his said office, at different times, contrary to the laws of said State, the good order peace and dignity thereof."

The trial court struck the defendant's special plea in abatement, and he assigned error thereon in his exceptions pendente lite. The trial court also overruled demurrers to the special presentment which attacked (1) the validity of the allegations of ownership and description of the owner of the property alleged

to have been embezzled, (2) the failure to specify legally the acts of embezzlement, and (3) the failure to describe legally the property allegedly embezzled; and the defendant has brought all of these rulings here to be reviewed.