## 36277. KYLER v. THE STATE.

Decided September 5, 1956.

*C. C. Crockett, Aretha M. Smith,* for plaintiff in error.

*W. W. Larsen, Solicitor-General, W. W. Larsen, Jr.,* contra.

CARLISLE, J. ■■ Headnotes 1 and 2 are self-explanatory and require no elaboration.

■ While after verdict the defendant in a criminal case will not be heard to complain of technical defects as to the form of the indictment under which he was tried (*Bell* v. *State,* 41 *Ga.* 589; *Davis* v. *State,* 116 *Ga.* 87, 42 S. E. 382; *Lewis* v. *State,* 55 *Ga. App.* 743, 191 S. E. 278), every defendant in a criminal case is entitled to be tried under an indictment perfect in form and substance. *Harris* v. *State,* 58 *Ga.* 332 (2), 334; *Lanier* v. *State,* 5 *Ga. App.* 472 (63 S. E. 536). Many cases following the rule set forth in Code § 27-701, dealing with the sufficiency of accusations and indictments, have held that an accusation or indictment substantially in the language of the Code is sufficient to withstand demurrer, but that rule has its limitations, is not of universal application, and does not cover all crimes. In *Youmans* v. *State,* 7 *Ga. App.* 101, 113 (66 S. E. 383), this court had the following to say: "In construing . . . [Code § 27-701], in the case of *Amorous* v. *State,* 1 *Ga. App.* 313 (57 S. E. 1000),

we said, 'It means that an indictment conforming substantially to its requirements will be sufficient, but it is not designed to deny the one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial.' It is true . . . that 'there are many offenses that can be stated in the language of the Code, such as playing cards, selling liquor, or carrying a pistol concealed; there are many other offenses that would not be sufficiently charged if stated merely in the language of the Code,' such as murder, *larceny,* perjury, etc. A description of these latter offenses or a description of what the defendant did is necessary to make a legal charge, and to enable the defendant to prepare a defense.' A distinction is to be drawn between charges which are violations of purely statutory offenses and those cases which were penalized under the common law. Naturally, where the offense is statutory, the language of the accusation must follow more closely the language of the statute, and be restricted by it more, than where the charge relates to a common-law offense, in which the details must necessarily be amplified in order to cover the definition of the common-law offense [which has been codified as such into our law]. Reference is made to this difference in United States *v.* Simmons, 96 U. S. 360 (24 L. ed. 819), in which the court said: 'Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 'But to this general rule, there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense.' 'An indictment not so framed is defective, although it may follow the language of the statute.' "

In *Walthour* v. *State,* 114 *Ga.* 75 (39 S. E. 872), it is stated: "When the subject matter of a larceny is horses, cows, or hogs, the penal Code prescribes certain elements of description, but in the case of other personal chattels, the rule of the common law prevails. Mr. Wharton, in his work on Criminal Pleading and

Practice, § 206, states the rule thus: 'When, as in larceny, . . . personal chattels are the subject of an offense, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated.' In the case of *Davis* v. *State*, 40 *Ga.* 229, Warner, J., quotes this principle from Archbold's Criminal Pleading, in almost the identical words, and states that the principle of the common law [with reference to simple larceny] is still of force in this State. See, in this connection, Rapalje's Larceny, § 75; 2 Bishop's Criminal Procedure, § 699. Mr. Bishop, in his work just cited, states the object of the description to be 'to individualize the transaction and enable the court to see that they are, in law, the subjects of larceny. . . The description should be simply such as in connection with the other allegations, will affirmatively show the defendant to be guilty, will reasonably inform him of the instance meant and put him in a position to make the needful preparations to meet the charge.' See *Sanders* v. *State*, 86 *Ga.* 724 [12 S. E. 1058], where this author's rule is quoted with approval. Mr. Wharton, in his work above quoted, § 208, further says: 'There must be such certainty as will enable the jury to say whether the chattel proved to be stolen is the same as that upon which the indictment is founded.' Still another reason given why the description should be definite is, that a judgment may be pleaded in bar of a subsequent prosecution for the same offense. 12 Enc. Pl. & Pr. 979." In an extremely well reasoned and documented case, this court had the following to say: "In what have been termed 'compound larcenies' (*Melvin* v. *State*, 120 *Ga.* 490, 491, 48 S. E. 198), very meager descriptions of the property stolen have been held sufficient even against a special demurrer. . . It being deemed in such cases that 'the allegations in reference to the aggravating fact serve to individualize the transaction, and a more general description of the property is permissible . . . than would be permitted in indictments for simple larceny.' " *Pharr* v. *State*, 44 *Ga. App.* 363 (161 S. E. 643). See also, in this connection, *Burns* v. *State*, 191 *Ga.* 60, 63 (11 S. E. 2d 350). At common law, when money was the subject of simple larceny, great specificity was required. The only cases from the appellate courts of this State dealing with the sufficiency of the description of money in accusations

and indictments which our research has disclosed are the following: *Berry* v. *State,* 10 *Ga.* 511 (larceny from the house); *Bell* v. *State,* 41 *Ga.* 589 (larceny from the person); *Wilson* v. *State,* 66 *Ga.* 591 (larceny from the person); *Hillsman* v. *State,* 68 *Ga.* 836 (burglary); *Jackson* v. *State,* 76 *Ga.* 551, 571 (embezzlement); *Crofton* v. *State,* 79 *Ga.* 584 (4 S. E. 333) (larceny after trust); *Roberts* v. *State,* 83 *Ga.* 369 (9 S. E. 675) (larceny of money); *Allen* v. *State,* 86 *Ga.* 399 (12 S. E. 651) (larceny from the house); *Cody* v. *State,* 100 *Ga.* 105 (28 S. E. 106) (larceny after trust); *Humphries* v. *State,* 100 *Ga.* 260 (28 S. E. 25) (robbery); *Johnson* v. *State,* 119 *Ga.* 257 (45 S. E. 960) (larceny of money); *Cannon* v. *State,* 125 *Ga.* 785 (54 S. E. 692) (larceny from the house); *Frederick* v. *State,* 127 *Ga.* 35 (55 S. E. 1044) (larceny from the house); *Burns* v. *State,* 191 *Ga.* 60 (11 S. E. 2d 350) (robbery); *Maxwell* v. *State,* 9 *Ga. App.* 875 (72 S. E. 445) (robbery); *McNatt* v. *State,* 27 *Ga. App.* 642 (109 S. E. 514) (larceny of money); *Camp* v. *State,* 31 *Ga. App.* 737 (122 S. E. 249) (embezzlement); *Bivins* v. *State,* 47 *Ga. App.* 391 (170 S. E. 513) (embezzlement); *Lewis* v. *State,* 82 *Ga. App.* 280 (60 S. E. 2d 663) (embezzlement); *Tripp* v. *State,* 89 *Ga. App.* 335 (79 S. E. 2d 591) (embezzlement). With the exception of the *Roberts, Johnson,* and *McNatt* cases, each of the cases which we have cited above involves the adequacy of the description of money involved in compound larceny, and those cases may be excluded from our consideration under the rule stated in the *Pharr* and *Melvin* cases, supra.

In the *Johnson* case, supra (headnote 2) it was held that "an indictment charging a person with stealing 'one hundred and twenty dollars in paper money, to wit, two twenty dollar bills, five ten dollar bills, and six five dollar bills', is not subject to demurrer on the ground that it does not disclose what kind of money was stolen, [the Supreme Court] . . . having held, in *Allen* v. *State,* 86 *Ga.* 399 that such a description of money means bank bills."

In the *McNatt* case, supra, under an indictment for larceny of money in almost the exact words of the *Johnson* case, the indictment was, *after verdict,* held to sufficiently describe the money.

In the *Roberts* case, supra, Chief Justice Bleckley suggests that the description, "one hundred dollars in greenback bills of the

value of one hundred dollars," is demurrable as being too general in the matter of description, but ruled that this should have been taken advantage of by demurrer.

Our law, with reference to simple larceny, does not find its origin in common sense, but in the common law which was frequently based upon custom rather than reason. As long as 66 years ago, Justice Bleckley, in *Allen* v. *State*, 86 *Ga.* 399, pointed out the rather chaotic condition of our law on the subject of larceny—a condition which has not been remedied to this day—when speaking for the Supreme Court, he said: "The penal Code is in an unfortunate condition with respect to its provisions on the subject of larceny. By section 4414 [Code § 26-2630], larceny from the house of any 'goods, money, chattels, wares or merchandise, or any other article or thing, under the value of $50' is punishable as a misdemeanor only, the penalty being that prescribed in section 4310. [By the Code of 1882, the punishment for the larceny of less than $50 was prescribed by what is now Code § 26-605 (as for a misdemeanor). The punishments for larceny from the house are now contained in Code § 26-2630.] By section 4406 [Code § 26-2616], simple larceny, where the property stolen is a note, due bill, bank bill, or any paper securing the payment of money or other valuable thing, is punishable as a felony by imprisonment in the penitentiary from one to four years. The stealing of a bank note for one dollar outside of any building or structure is a felony, whilst stealing from a house anything whatever under the value of $50, is only a misdemeanor. Worse still, according to the Code as it now stands, the stealing of a million of dollars in gold or silver lying loose out of doors would be a mere misdemeanor, no punishment being prescribed for it save that laid down in section 4310 and this would be reached by virtue of section 4409 [Code § 26-2625] under the phraseology 'all simple larcenies or thefts of the personal goods of another, not mentioned or particularly designated in this Code.' The larceny of paper money, under the description of bank bills, notes, etc., is mentioned and particularly designated, but not the larceny of metallic money or of money generally, unless the larceny is committed in a house, etc., or from the person."

While it may well be that the other averments of the indict-

ment sufficiently particularized the larceny so as to inform the defendant of the transaction meant and to enable him to plead a judgment in that case in bar to a prosecution for the same transaction (see *Dean* v. *State,* 9 *Ga. App.* 571, 71 S. E. 932), he, by special demurrer, demanded to know whether the money alleged to have been stolen by him was in silver or in currency. To this information, under the ruling in the *Allen* case, supra, we think he was entitled so as to enable him to prepare his defense properly. As has been pointed out, the larceny of currency outside a house is a felony, while the larceny of coin (gold, silver, or copper) is merely a misdemeanor. Whether the defendant is charged with a felony or a misdemeanor, bears strongly upon the conduct of his trial, especially with respect to the composition of the jury panels and the number of challenges allowed, and the preparation of his defense. Since the defendant was by the ruling of the trial court deprived of this information before going to trial, we must hold that the overruling of the special demurrer calling for this information was error.

The averments in the indictment that the person to whom the money belonged received it as wages for her work in Georgia permits of no other inference than that the money was legal tender issued by the United States Government.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*