## THE STATE *v.* NATHANIEL T. EDSON.

10   229
49   311

An indictment charging embezzlement of a "lot of lumber," or a " certain lot of furniture," &c., " certain tools," &c., is bad for uncertainty of description of the articles embezzled.

APPEAL from the First District Court of New Orleans, *Robertson,* J. *I. E. Morse,* Attorney General, for plaintiff. *C. Roselius,* for defendant and appellant.

BUCHANAN, J. The prisoner was tried and convicted at the May term, 1854, upon the Statute of 8th March, 1845, (Session Acts, No. 90.) The indictment stated that he, on the 26th September, 1852, at New Orleans, was the agent

STATE
v.
EDSON.

and depositary of *H. Garretson*, and entrusted by him with a certain lot of furniture, of the value of four hundred dollars, with a certain lot of lumber, of the value of one hundred and fifty dollars, and with certain tools, commonly called cabinet-maker's tools, of the value of two hundred dollars, of the goods and chattels of *H. Garretson*, for safe custody ; and that the said *Nathaniel T. Edson*, agent and depositary as aforesaid, on the day and year aforesaid, at New Orleans aforesaid, in violation of good faith and contrary to the object and purpose for which said goods and chattels were entrusted to him as aforesaid unlawfully and wrongfully did embezzle and convert to his own use and benefit the said lot of furniture of the value of four hundred dollars, the said lot of lumber of the value of one hundred and fifty dollars, and the said tools, commonly called cabinet-maker's tools, of the value of two hundred dollars, so to him entrusted as aforesaid, contrary to the form of the statute, &c.

The prisoner's counsel moved the District Court to arrest the judgment, on the ground that the property embezzled was not described in the indictment with legal certainty.

We are of opinion that this objection to the indictment is well taken. The indictment should have set out specifically, at least one article of the property embezzled. The rule applicable to indictments for embezzlement, as well as to indictments for larceny, is, that the goods stolen or embezzled should be described, at least in part, with such a certainty as will enable the jury to decide whether the chattel proved to have been stolen or embezzled is the very same with that upon which the indictment was founded, and show judicially to the court that it could have been the subject matter of the offence charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same chattel. Russell on Crimes, 1147 ; Starkie's Cr. Plead. 181 ; Furneaux's Case, Russell & Ryan's C. C., 335. There is one exception to this general rule, contained in the 3d Section of the Statute of 1845, which declares that in prosecutions for larceny or embezzlement of bank notes, checks, bills of exchange, promissory notes, gold or silver money, or any other property *of that kind*, it shall not be necessary to set forth in the indictment a detailed description thereof, but a general allegation of the amount or amounts, and of the thing or things embezzled or stolen, shall be sufficient. The case at bar is evidently not within the scope of this exception.

Our researches have discovered a case in North Carolina, reported in 1st Devereux's Reports, p. 137, where it was held that an indictment was good which charged the prisoner with feloniously stealing, taking and carrying away "*a parcel* of oats, of the goods and chattels of one," &c. But this was because one of the significations of *parcel*, in Johnson's Dictionary, is "a small bundle ;" and as oats, says the court, is made up in bundles for sale and other purposes, this was held to describe the article stolen, and the quantity stolen, in an intelligible manner. It strikes us that the same thing cannot be predicated of the quantity " a lot," or the articles " furniture," " cabinet-maker's tools," or " lumber."

By the 4th Section of the Statute on which this prosecution was founded, the prescription of the criminal action is three years.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed ; that the judgment against *Nathaniel T. Edson* upon the indictment preferred against him by the Grand Jury of the Parish of Orleans, on the 13th day of July, 1853, (a copy whereof is found in the record of this case,) be

arrested; but that the prisoner be detained in custody until the next session of the Grand Jury within and for the Parish of Orleans, then and there to answer in a new bill of indictment to be preferred against him for embezzlement, and to abide the further order of the First District Court of New Orleans.