T. B. MARSHALL & BROTHER, plaintiffs in error, *vs.* WILLIS CLARY, defendant in error.

1. This Court will hesitate to control the discretion of the Court below, as to a continuance, upon facts better understood by him than by this Court. (R.)
2. Where a bill of exchange was accepted conditionally, if funds of the drawer come in hand, it is for the holder of the bill to show affirmatively that funds did come in hand, and the production of a stated account between the acceptor and drawer, showing a charge against the drawer of $500 00 cash, does not, of itself, prove that the same was the funds of the drawer, there being nothing in the account to show that at the time of this charge the acceptor was indebted to the drawer, or had his funds in hand.

Continuances.    Bills of exchange.    Evidence.    Before Judge SESSIONS.    Wayne Superior Court.    May, 1871.

Marshall & Brother sued Clary upon his promissory note for $370 26, made the 19th of July, 1868, and due one day thereafter. Defendant pleaded that plaintiffs, on the 1st of April, 1868, and until the 3d of June, 1868, held a draft by Sarvis in defendant's favor, and accepted by plaintiffs, for $900 00, credited with $434 98, which draft plaintiffs promised to pay, if sufficient funds of Sarvis came to their hands, and while they held said draft, plaintiffs paid Sarvis $574 63, and he pleaded the balance due on said draft as a set-off.

Plaintiff's counsel went to the Court-house on the first day of the trial term and remained there till the afternoon, when the Judge not having arrived, and it being doubtful whether he would come, as the water courses were high, counsel left and returned to Savannah. On leaving, he turned over the case to another attorney, with the request that, if the Judge should come, to continue it.

The Judge came, and the case was called for trial. A motion to continue was made, upon the facts aforesaid, but the continuance was refused. The attorney in charge of the case demurred to defendant's plea, but the demurrer was overruled. Plaintiffs read the note to the jury and closed.

For the defendant, one Whaley testified, that about the 2d of April, 1868, he received said draft from defendant, in a due course of trade, and presented it to plaintiffs, who promised to pay it if funds of Sarvis, the drawer, came to their hands; said they then had some funds of Sarvis. He left the draft with them. On the 3d of June, 1868, they paid him thereon $256 65, and afterwards paid him $168 30, and perhaps $30 00 more, which $30 00 was not credited on the draft. Some time thereafter, he notified Clary that said draft was not paid.

Clary testified that, before taking said draft from Sarvis, he asked plaintiffs if they would accept said draft, and they said they would. He gave them his note sued on, supposing said draft had been paid, and he believed it was paid till he got it back from plaintiffs, several months after he gave said note. He put in evidence an account current between Sarvis and plaintiffs, by which it appeared that they had sold for Sarvis over $2,000 00 worth of lumber, (when, did not appear,) against which amount they had Sarvis charged with produce and freights, etc., at various dates, from February 29th to May 18th, 1868, among which was $500 00 cash, on the 8th of April, 1868. He also put in evidence said draft by Sarvis on plaintiffs, in his favor, which was without date and payable at plaintiffs' convenience. These papers came in over plaintiffs' objections.

The Court charged the jury, that a partial payment by plaintiffs on the draft was a virtual acceptance of it, and the subsequent receipt of funds in favor of Sarvis, appropriated otherwise than to the payment of said draft, made plaintiffs liable to the holder of the draft for its full amount. The jury found for the defendant $253 87, with interest from the 8th of April, 1868.

Plaintiffs moved for a new trial, upon the grounds, that the Court erred in refusing the continuance, in overruling the demurrer, in admitting said evidence, and in said charge, and because the verdict was contrary to the evidence, etc.

Marshall & Brother *vs.* Clary.

The Court refused a new trial, upon Clary's writing $132 12 off from his verdict. The refusal is assigned as error on said grounds.

WILLIAM B. FLEMING; J. D. RUMPH, for plaintiffs in error.

J. C. NICHOLS, for defendant.

McCAY, Judge.

1. Whilst this case presents strong grounds for relief, based upon the failure of the Court to grant the continuance, yet we should hesitate to control the discretion of the Court, under the circumstances, so much more within his means of forming a correct opinion than ours.

2. We do not, however, think the case went to the jury fairly for the plaintiff. Assuming all that is contended for, ·to-wit: that the payments, entered upon the draft by the book-keeper of the plaintiffs, amounted to a waiver of formal acceptance, (and, if he was then acting as the agent of the plaintiffs, we incline to think this sufficient,) yet, according to the defendant's own evidence, the acceptance was only conditional on the acceptor getting funds of the drawer in hand. The burden of proof was, therefore, emphatically upon the holder of the draft, to show that funds had come in hand. We do not think the stated account between the plaintiff and the drawer proves this. True, in that account there is a charge of $500 00, 8th April, against the drawer, of cash. But *this* does not prove the payment to have been of the drawer's funds. It may have been an advance to him, or a loan. Indeed, the nature of the dealings, as shown by the account itself, makes this the probable truth of the case. The drawer of the bill was a lumberman, the plaintiffs his commission merchants. They sold him corn, paid his freight, and advanced to him various sums on his consignments of lumber. When he was in their debt, or they

in his, does not appear. During the year he sent to them various amounts of lumber, which they sold. The account does not show when the sales took place. He, the lumberman, was not in funds with the plaintiffs until the lumber was sold in quantity to satisfy the charges against him, and leave a balance. The account does not show *when* the lumber was sold. The $500 00 may have been, and probably was, an advance. At any rate, the simple fact that the plaintiffs paid or charged to the drawer $500 00 does not prove that, at that time, they had funds of his' on hand ; and we think the Court erred in charging the jury, on the assumption that there was proof, that, at the time of this charge, plaintiffs had in hand $500 00 of the money of the drawer. On this ground we reverse the judgment of the Court refusing a new trial.