COMMONWEALTH *vs.* BENJAMIN F. SHAW.

Essex. November 1. — 23, 1887. DEVENS & KNOWLTON, JJ., absent.

The description, in an indictment for embezzlement, of the property embezzled as "thirteen hundred and twenty pairs of shoes, each pair of the value of one dollar, of the property" of a person named, is sufficient.

At the trial of an indictment for the embezzlement of goods of A., it appeared in evidence that A., after the time of the alleged embezzlement, charged the defendant, in a certain conversation, with having spent the money he had collected from the sales of the embezzled property in gambling in stocks. The defendant, in testifying in his own behalf, denied that such a conversation took place; and, on cross-examination, he was asked "if he had been engaged in stock gambling" at a place named. The defendant objected to this question, but was required to answer it. *Held*, that he had no ground of exception.

INDICTMENT, in two counts, for the embezzlement, on December 15, 1886, and on January 15, 1887, respectively, of "thirteen hundred and twenty pairs of shoes, each pair of the value of one dollar, of the property" of Warren D. Hill and Frank B. Lippincott.

In the Superior Court before the jury were empanelled, the defendant moved to quash the indictment, for the following reason: "Because there is in said indictment no sufficient allegation or description of the property alleged to have been embezzled." This motion was overruled; and the defendant excepted.

At the trial, before *Brigham*, C. J., it was not contended by the government that more than thirteen hundred and twenty pairs of shoes were embezzled. It appeared in evidence that Warren D. Hill, one of the persons from whom it was alleged that said goods were embezzled, after the time of the alleged embezzlement, charged the defendant, in a certain conversation, with having spent the money he had collected from the sales of said embezzled property in gambling in stocks. The defendant, in testifying in his own behalf, denied that such a conversation took place; and, on cross-examination, among other things, he was asked if he had been engaged in stock gambling at J. P. Welsh's office, in Lynn. He was also asked if he had been engaged in stock gambling at Wood's office, in Boston. The

defendant objected to said questions; but the objection was over-ruled, and the defendant was required to answer the same.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Sisk*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, J. The property alleged to have been embezzled is de-scribed as "thirteen hundred and twenty pairs of shoes, each pair of the value of one dollar, of the property," &c. This is a suffi-cient description. The word "shoes" must be taken to mean shoes for the feet of human beings, and a description of a chat-tel by its proper and special name is sufficient. *Commonwealth v. Butterick*, 100 Mass. 1. 3 Chit. Crim. Law, (2d ed.) 961.

We do not clearly understand what is meant by stock gam-bling in the exceptions, but the point of the inquiry is shown by the statement that there was evidence that Hill had "charged the defendant, in a certain conversation, with having spent the money he had collected from the sales of said embezzled prop-erty in gambling in stocks." The defendant, testifying in his own behalf, could be asked, on cross-examination, if he had not spent considerable sums of money in stock gambling, or in any-thing else, and could be asked how he obtained the money. Such an examination should be confined to a period of time subsequent to that of the embezzlement. The questions asked were general, but it does not appear that the defendant was compelled to answer questions concerning any stock gambling in which he was engaged before the time when the evidence tended to show that he had embezzled the property described in the indictment.                    *Exceptions overruled.*