## UNITED STATES v. GREVE.

### (District Court, E. D. Missouri, E. D. November 15, 1894.)

### No. 3,860.

1. CRIMINAL PLEADING—SUFFICIENCY OF INDICTMENT—SECTION 5209, REV. ST. U. S.

An indictment under section 5209, Rev. St. U. S., for embezzlement, which charges that the defendant did have and receive "certain of the moneys and funds of said national banking association of the amount and value of $5,723.93," is defective in not stating with sufficient definiteness what the property was which defendant is accused of misappropriating, "funds" being a word including several species of property.

2. SAME.

Whether an indictment which charges that the defendant "wrongfully and unlawfully embezzled and converted to his own use" certain property, "with the intent then and there to injure," etc., but does not charge that the acts were "feloniously" done, is sufficient under section 5209, Rev. St. U. S., quaere.

This was an indictment against E. H. Greve for violation of section 5209, Rev. St. U. S. Defendant demurs to the indictment.

Wm. H. Clopton, U. S. Atty.

Lee & McKeighan and D. P. Dyer, for defendant.

PRIEST, District Judge (orally).    In this case I have been compelled with great haste to reach a determination upon the demurrer to the indictment.    Of course, a trial judge cannot, because of the pressing nature of his duties, give the same deliberate consideration to a case that is possible for an appellate tribunal.    I think, in cases of this character, however, where the court entertains a substantial doubt as to the validity of an indictment, a demurrer ought to be sustained, because the error can at such a stage of the proceedings be remedied with less cost, and much more easily, than at any other. The defendant in this case, a clerk in the employment of the Fourth National Bank of St. Louis, is charged with having wrongfully and unlawfully embezzled and converted to his own use "certain of the moneys and funds of said national banking association of the amount and value of fifty-seven hundred and twenty-three dollars and ninety-three cents ($5,723.93)," which came into his custody as such clerk. There are two counts.    The second alleges that he "wrongfully and unlawfully embezzled and converted to his own use moneys and funds of said bank of the amount and value of forty-one hundred and nine dollars and twenty-one cents ($4,109.21)."    The sufficiency of both counts of the indictment is questioned by demurrer upon two grounds:    First, that it is not charged that the acts were feloniously done; second, that "the moneys and funds" are not described with sufficient certainty.

As to the first ground.    At this time, and upon the brief consideration I have been able to give to the subject, I am not prepared to hold that the indictment must charge that the embezzlement or conversion was felonious.    It would unquestionably be the safest practice.    It is seriously debatable whether an indictment omitting that word or its necessary and full equivalent is not defective.    The federal courts, it is true, do not deal in their criminal jurisdiction with common-law offenses.    They only recognize such as are created and defined by congress within its constitutional authority.    However, in the enactment under consideration, congress has employed the word "embezzlement," and being technical, it must bear in the context that technical signification which it has usually borne, and, if it be a complex or component word, comprehending in the form of definition an offense, in charging such an offense by indictment the several elements must be separated, and specifically averred. Embezzlement, in its technical sense, and with respect to such punishment as the statute under consideration prescribes, most usually means a felonious appropriation by a servant of his master's property while it is in his keeping; and "feloniously" means with a deliberate intent to do a wrongful act.    It is true, the indictment here charges that the embezzlement was done with "the intent then and there to injure," etc., but this does not express precisely the same meaning as "feloniously," because in the latter the element of deliberation is embraced.    There would be no tautology in using both expressions.

As to the second ground, the language of the indictment is that "the defendant did have and receive," etc., "certain of the moneys and funds of said national banking association of the amount and value

of fifty-seven hundred and twenty-three dollars and ninety-three cents ($5,723.93)." It is a question whether this is not too indefinite, as failing to state the kind of money embezzled,—that is, whether moneys of, the United States or of some other nation; but it is not necessary to hold thus narrowly. The charge is the embezzlement of moneys and funds. The words "moneys and funds" are not of identical meaning. "Funds" includes moneys, and much more, such as notes, bills, checks, drafts, stocks, and bonds. Now, what was intended by the phrase "moneys and funds"? Was it intended to say "moneys and moneys"? The natural interpretation of the phrase is "moneys and some other species or character of funds." The word "funds" is not used in the alternative as a synonym. It is used in the conjunctive. Its function is, as no doubt the purpose of its use was, to add something to the term "moneys." The charge, then, is, in effect, that defendant did have and receive, etc., moneys and other funds, etc. Now, is this sufficiently definite? In the case of People v. Cohen, 8 Cal. 42, it is there said:

"There is another objection to the indictment, which is fatal. It does not state what was the property converted. The language is, 'four hundred thousand dollars, moneys, goods, and chattels.' How can the defendant know what he is charged with, or how prepare for his defense? How much money, what goods, and what chattels?"

If, in the case at bar, only money was embezzled, the indictment should charge the embezzlement of money only. If money and other funds were embezzled, the amount and value of the several species of the property taken should be stated. The words "and funds" cannot be rejected as surplusage, for the amount and value stated in the indictment applies to moneys and funds jointly, and, rejecting either, there is no suggestion in the indictment as to the amount or value of the other. The demurrer will be sustained.