## JOHNSON v. THE STATE.

1. "Any officer, director, agent, clerk, or employee of any bank, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, securities, or credits of the bank, or who issues or puts forth any certificate of deposit, draws any draft or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, decree, or execution, or who makes use of the name of the bank, in any manner, with intent in either case to injure or defraud the bank, or any person, firm, or corporation, or to deceive any officer of the bank, or the superintendent of banks, or any examiner, or any person who with like intent aids or abets any such officer, director, agent, clerk, or employee in any violation of this section, shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than ten years." This being a penal statute, it must be strictly construed.

2. Under an indictment based on this statute, charging the defendant with embezzlement of "moneys and funds" of a bank, he could not be convicted of the embezzlement of "notes, securities, or credits" of the bank; and the trial judge erred in giving to the jury an instruction which authorized them to convict the defendant of the embezzlement of notes, securities, or credits.

No. 6190. August 18, 1928.

Certiorari; from Court of Appeals. 37 Ga. App. 129.

W. I. Geer, Kendrick L. Scott, and Little, Powell, Smith & Goldstein, for plaintiff in error.

Russell, C. J. Section 20 of article 20 of the banking act of 1919 (Acts 1919, pp. 135, 216), which provides that "any officer, director, agent, clerk, or employee of any bank, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, securities, or credits of the bank, . . shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than ten years," sets forth certain distinct acts of embezzlement for the commission of which one accused of the embezzlement might be punished. Under the decisions of this court, "funds," though of a somewhat similar nature with "moneys," are not synonymous therewith. However, in Hargrove v. Lilly, 69 Ga. 326, 328, and especially in Marshall v. Clary, 44 Ga. 511, 512 (2), both of which judgments were rendered prior to the passage of the banking act of 1919, the term "funds" was used in somewhat the same sense. In the passage of the act of 1919 it was clearly the legislative intent to penalize the embezzlement of funds which might not be money, or notes, which are not moneys or funds, as well as securities or credits of the bank which can not come within the definition of

funds under the prior decisions of this court; each as distinct acts for the commission of which one might be indicted and convicted. The statute being penal, it must be strictly construed. In the present case the defendant was charged with embezzlement of "moneys and funds of said bank." Not being charged with embezzlement of notes, securities, or credits of the bank, under well-settled rules that the proof must correspond with the allegata, or, in other words, that one can not be convicted of a criminal act until he has been first charged therewith, the plaintiff in error could not be convicted in this case of the embezzlement of notes, securities, or credits. It was therefore error for the trial court to instruct the jury "that there must have been an embezzling, misappropriation, or defrauding or abstracting of either money, notes, or checks, or funds, or assets of the bank, before you would be authorized to convict the defendant." Neither notes nor checks of the bank come within the definition of the term "moneys or funds" as specifically charged in the indictment which the accused was called upon to meet; and the Court of Appeals erred in affirming the judgment of the trial court refusing to grant a new trial. As well said by Judge Luke in dissenting from the judgment in this case in the Court of Appeals: "This charge was misleading and confusing to the jury, in that it authorized them to convict the defendant of embezzling, abstracting, and wilfully misapplying notes, or checks, or assets of the bank, when the indictment made no such charge." *Judgment reversed. All the Justices concur, except*

BECK, P. J., and GILBERT, J., dissenting. Section 20 of the banking law under which the accused was indicted makes penal the embezzlement of "any of the moneys, funds, securities, or credits of the bank." The word "notes" is not there used. We assume that the General Assembly intended to include notes in some one or more of the words used. Indeed it would seem that the intention was to include all assets of every kind possessed by the bank. In common parlance, the word "funds" is often used in the sense of money; but the language used in the statute indicates a broader meaning of the word. The word has various meanings, according to how it is used. 27 C. J. 926, § 2. In our opinion it is used much in the sense of assets. Certainly it is used in a sense broad enough to include notes. If so, the judgment of the Court of Appeals is justified, and should be affirmed. In United States *v.*

Greve, 65 Fed. 488, 490, where the charge against the accused was "the embezzlement of moneys and funds," it was said: "The words 'moneys and funds' are not of identical meaning. 'Funds' includes moneys, and much more, such as notes, bills, checks, drafts, stocks, and bonds. Now, what was intended by the phrase 'moneys and funds'? Was it intended to say 'moneys and moneys'? The natural interpretation of the phrase is 'moneys and some other species or character of funds.' The word 'funds' is not used in the alternative as a synonymn. It is used in the conjunctive. Its function is, as no doubt the purpose of its use was, to add something to the term 'moneys.' The charge, then, is, in effect, that defendant did have and receive, etc., moneys and other funds, etc."