## 22758. BIVINS *v.* THE STATE.

Decided August 3, 1933. Rehearing denied August 26, 1933.

*Powell & Dykes, Sibley & Allen,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

GUERRY, J. Only the second headnote needs any elaboration. The main question to be determined in this case is whether or not the overruling of the special demurrer to the indictment requires a reversal of the judgment. The indictment charges that the defendant did embezzle, etc., certain "monies, funds, securities and credits," belonging to the named bank. The special demurrer contends that the indictment does not describe with sufficient particu-

larity the funds, securities, and credits, nor their value. With reference to the description of money, an indictment for embezzlement need only allege the amount of money, and the value thereof. This means any money coming into the defendant's hands by and through his position of trust, irrespective of the manner of its proof, whether by false entries, concealment, etc. Such a general allegation in an indictment is, as to money, good as matter for a plea in bar to a subsequent prosecution based on such facts as might have been included under the general allegation as to the embezzlement of money. The rulings are, therefore, that the description should be such as, in connection with the indictment, will affirmatively declare the defendant guilty and will reasonably inform him of the particular instance meant and put him in a position to make the needful preparation to meet the charge at the trial. A general allegation that the defendant had embezzled funds would be sufficient. The term fund or funds is generic and all-embracing as compared with the term money, etc., which is specific. The indictment in this case, which names the amount embezzled as money and its value, is sufficient. See *Jackson* v. *State,* 76 *Ga.* 551. An indictment which alleges the embezzlement of the funds of a bank without particularizing as to what "assets" of the bank made up those funds would be an insufficient description as to such funds. A further particularizing, alleging that such funds consisted of money, is a sufficient description of that particular class of funds. May it also be said that an indictment which alleges that a defendant embezzled, in addition to money, securities and credits, is also sufficient where there is a special demurrer on the ground "that the indictment does not allege what securities are referred to, nor the kind and character of credits, so as to put the defendant on notice of the crime charged against him." We think such an allegation is vulnerable to such a demurrer. Money, as was said in the *Jackson* case, supra, stands on a different footing, and to require more particularity in the charge with reference to money would defeat the law. Any allegation as to funds, securities, or credits which is sufficient to put the defendant on notice as to the transaction or transactions referred to will be sufficient. Funds, securities, and credits may be more readily described or particularized than money. In *Johnson* v. *State,* 166 *Ga.* 755 (144 S. E. 283), it was held to be error to charge "that there must have been an embezzling . .

of money, notes, or checks, or funds, or assets of the bank, before you would be authorized to convict the defendant," where the indictment charged only money and funds. Notes and checks were not sufficient probata to conform to the allegata. In Hudson *v.* State, 93 W. Va. 435 (117 S. E. 122), it was said: "But an indictment for embezzlement of funds or credits of a State bank under a statute should describe the funds and credits embezzled or show a proper excuse for such lack of description."

The indictment in the present case is a valid indictment for embezzlement of the money of said bank, but insufficient as to funds, securities and credits. We come now to consider whether the overruling of such special demurrer as to the particularity of description of funds, securities, and credits was a sufficient error, in the light of the evidence as a whole, to require a reversal of the judgment in this case. If the evidence concerned the embezzlement of money alone it can not be doubted that the overruling of the special demurrer as to the description of funds, securities and credits would have been harmless. The State showed that the "entire shortage was $23,861. The cash-money shortage was $22,369.38. The difference between the total shortage and cash shortage of $1621.94 is addition of a shortage of notes receivable of that amount." A State's witness swore: "The amount of shortage in notes was $1621.94. I have not listed the individual notes that went to make up this shortage." It has been definitely held many times by this court and by the Supreme Court of this State that error necessary to cause a reversal must be harmful. In *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211), Powell, J., said: "There may be physical precedents upon which we might base a ruling that an erroneous decision by the trial judge as to demurrers to the initial pleadings so vitiates the whole trial as to relieve the reviewing court of the necessity of looking further into the record when such an error is discovered. On the other hand, the decisions in this State have thoroughly committed this court and the Supreme Court to the proposition that reversals are not to be granted for error without injury. There are some errors from which injury will be presumed. An erroneous action upon demurrer should be one of them; and it is. But we conceive it to be the duty of the court in all cases to look to the whole record to see whether the presumption of injury is not overcome. . . If the natural re-

sult of the error is to prejudice the defendant's material rights in the case, it is fair to presume injury; but in a case such as the one before us, where it is perfectly palpable that injury did not result, we are not afraid of abusing the doctrine by applying it." The question presented in the case sub judice is, was the error of the trial court in failing to have the State particularize as to what funds, securities, or credits were meant or referred to in the indictment such an error as under the evidence in the case requires a reversal of the judgment? The indictment, in so far as it alleges money to be the subject-matter of the embezzlement, was sufficient to withstand the demurrer. The entire evidence, consisting of over 200 pages, deals alone with the transactions concerning the misapplication *of money* by the defendant. We quoted above the only reference in the evidence as to a shortage in any other particular than money. In addition to verbal confessions the defendant made the following written confession: "Vienna, Georgia, October 1, 1931. To the Board of Directors, Vienna State Bank, Vienna, Georgia. I realize the bank can not go on in the condition it is in, and I want to acknowledge to the Board of Directors that I am short in my accounts, the exact amount I do not know, but would believe it somewhere around $13,000 to $15,000. This has been going on for about seven years. No other officer, director or employee has had any knowledge of it or is in any way responsible for it. There was no way for the Bank Examiner to discover it and no way for Mr. Heard to know it until I told him this morning. I have been trying to get up enough nerve to tell him for some time, because I realized the suspense and worry was driving me crazy. Respectfully, S. F. Bivins." All the other matters testified about have to do with particular transactions in regard to deposits of money and improper entries in regard thereto, as well as the circumstances of the purported written and verbal confessions of the defendant. If the confession is true, and the jury by their verdict have settled that question, the embezzlement was greatly in excess of the value of any notes or checks. In the light of the entire evidence, it is beyond the bounds of reason to say that the bare statement of a witness that "the amount of the shortage in notes was $1624.94, I have not listed the individual notes that went to make up the shortage," was the evidence upon which the jury could or did base their verdict. Especially is this true when

the written and verbal confessions of the defendant is in evidence and the corpus delicti is amply established. We have attempted to fix some principles that govern proper pleading in indictments for embezzlement, but believe that the error of the trial judge in not requiring the State in this case to particularize the transactions with reference to funds, securities, and credits was not such error as would require a reversal under the evidence produced.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. The indictment in this case charges that on October 1st, 1931, in Dooly county, S. F. Bivins did "embezzle, steal, take and carry away with intent to steal, and did abstract and wilfully misapply monies, funds, securities and credits of and belonging to Vienna State Bank, a chartered bank incorporated under the laws of the State of Georgia, and located in Vienna, in said county, in the sum of $23,861.32, and of the value of $23,861.32, and the property of said Vienna State Bank, with intent to injure and defraud said bank, said S. F. Bivins being then and there cashier and employee of and in said bank, said monies, funds, credits, and securities so embezzled, abstracted, and wilfully misapplied by said accused having come into the possession, custody, and control of said accused by virtue of his official position and employment in, and official connection with, said bank." The jury found the defendant guilty, and fixed his punishment at not less than eight years and not more than ten years. The record raises two questions: (1) whether or not the trial judge erred in overruling the motion for new trial; and (2) whether or not the court erred in overruling the demurrer to the indictment. Paragraph 1 of the demurrer avers that the indictment is defective in that it charges several separate and distinct offenses, in a single count, to wit, "the embezzlement of monies, the embezzlement of funds, the embezzlement of securities, and the embezzlement of credits." In construing the act of 1919 (Ga. L. 1919, p. 135, 216; Park's Code Supp. 1922, § 2281(t); Michie's Code, § 211(20), the Supreme Court, in the case of *Slicer* v. *State,* 172 *Ga.* 445 (157 S. E. 664), said: "The indictment was not demurrable on the ground that it charged several distinct offenses in the same count. Under the statute creating the offense, all of the different ways therein stated, by which one might commit the offense, can be charged in one and the same count. . . " A similar ruling

was made by the Court of Appeals in *Norman* v. *State,* 44 *Ga. App.* 92 (160 S. E. 522). See also *Jackson* v. *State,* 76 *Ga.* 551. There is no merit in this ground of the demurrer. Paragraph 2 of the demurrer avers that the indictment is defective because it charges in one count the commission of larceny under the Penal Code (1910), § 164, and the offense of embezzlement under § 20 of the act of 1919. Fairly construed, the indictment is clearly based upon the act of 1919. See, in this connection, *Mangham* v. *State,* 11 *Ga. App.* 427, 434 (75 S. E. 512) ; *Hagood* v. *State,* 5 *Ga. App.* 80 (5) (62 S. E. 641) ; *Cason* v. *State,* 16 *Ga. App.* 820 (86 S. E. 644).

The questions raised in grounds 3 and 4 of the demurrer will be considered at the same time. Ground 3 of the demurrer attacks the indictment upon the ground that it does not describe the funds, securities, and credits with sufficient particularity, and is too indefinite in the description of the funds, securities, and credits "referred to therein, so as to put this defendant on notice as to what offense he is charged with having committed and so as to inform him as to what crime he is charged with, that he might properly prepare his defense thereto." Ground 4 of the demurrer avers that the indictment does not disclose the value of the funds, securities, and credits referred to therein. The question presented by these two grounds of demurrer is: What description of the property is sufficient? The property alleged to have been embezzled must be described. "The standard of certainty in the description of the property is the accuracy required in an indictment charging larceny, no greater particularity than that being required. Where it is impossible or impracticable to give a definite description of the property embezzled, the best description possible should be set out, and the reason why a better description is not given should be stated." 1 Wharton's Crim. Proc. 752, § 588. See also 20 C. J. 462, § 57. However, in Georgia, there is a different rule as to the description in an indictment for simple larceny and in an indictment for compound larcenies. In the latter cases a more general description is permissible than in the former, because "the allegations in reference to the aggravating fact serve to individualize the transaction." *Melvin* v. *State,* 120 *Ga.* 490 (48 S. E. 198). Larceny after trust being a compound larceny, and embezzlement being more closely related to larceny after trust than to simple larceny, I think the rule which applies to the sufficiency of descrip-

tion of the property in an indictment for larceny after trust is the one which should be applied as to certainty of the description of the property alleged to have been embezzled. With reference to the description of money, the indictment for embezzlement need only allege the amount of money and its value. *Cannon* v. *State*, 125 *Ga.* 785 (54 S. E. 692). For "to specify particularly what money was received and embezzled would be impossible, and such a requirement would render the statute ineffective." *Jackson* v. *State*, 76 *Ga.* 551 (13 a). With reference to description of the funds, securities, and credits: the indictment should describe the funds, securities, and credits, or show a proper excuse for the lack of such description. The crime charged in the indictment in this case is against the Georgia banking laws (Ga. L. 1919, pp. 135, 210, Michie's Code, § 211(20), and is statutory. "Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant in the substantial words of the statute with acts coming fully within the statutory description, without any further description of the matter. But to this general rule there is a qualification, fundamental in the law of criminal procedure, that the accused must with reasonable certainty be apprised by the indictment of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute." United States *v.* Simmons, 96 U. S. 360 (24 L. ed. 819).

The Supreme Court of Georgia has also said: "While the Penal Code, § 929, provides that an indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the code or so plainly that the nature of the offense charged may be easily understood by the jury it has been more than once held that 'this section was not intended to dispense with the substance of good pleading nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged.' See *O'Brien* v. *State*, 109 *Ga.* 51, 53 [35 S. E. 112], and cases cited." *Brown* v. *State*,

116 *Ga.* 559, 562 (42 S. E. 795). The words "money" and "funds" are not synonymous. *Johnson* v. *State,* 166 *Ga.* 755 (144 S. E. 283). The words "funds," "credits," and "securities" should not be construed to mean the same thing as money, or its equivalent, currency. It was, therefore, necessary in the indictment to give such a particular description of the funds, credits, and securities as would have enabled the accused to prepare his defense, and so that the judgment would be a bar to another prosecution. United States v. Smith, 162 Fed. 542. In State v. Hudson, 93 W. Va. 435 (117 S. E. 122), it was held that in so far as the description of the property was concerned, an indictment which charged that the accused "did feloniously embezzle, abstract, and wilfully misplace money, funds, and credits of a [named] bank, . . to wit, lawful money of the United States of America of the value of $929.87," was a valid indictment for the embezzlement of the money of the bank, but was insufficient as an indictment for the embezzlement of the funds and credits of the bank. "One bank check " has been held an insufficient description of property in an indictment for embezzlement. Moody v. Peoples, 65 Colo. 339 (176 Pac. 476). On the other hand, "one check of the value of $42.50" was held sufficient. State v. Fraley, 71 W. Va. 100 (76 S. E. 134). "1320 pairs of shoes, each pair of the value of one dollar," was held sufficient. Commonwealth v. Shaw, 145 Mass. 349 (14 N. E. 159). "A gold medal of the value of $23,000" was held sufficient. United States v. Jones, supra. On the other hand the following were held insufficient: "Goods, wares, and merchandize, personal property, of value, of a corporation," Clary v. Com., 163 Ky. 48 (173 S. W. 171). "Furs of various kinds of the value of $695." State v. Silverman, 76 N. H. 309 (82 Atl. 536). "A certain lot of furniture, a certain lot of lumber and certain tools commonly called cabinet tools." State v. Edson, 10 La. Ann. 229. In United States v. Greve, 65 Fed. 488 (1), it was stated: "An indictment . . for embezzlement which charges that the defendant did have and receive 'certain of the monies and funds of the National Bank Association of the amount and value of $5727.93,' is defective in not stating with sufficient definiteness what the property was which defendant is accused of misappropriating, 'funds' being a word including several species of property." In People v. Cohen, 8 Cal. 42, it was said: "There is another objection to the indictment,

which is fatal. It does not state what was the property converted. The language is, '$400,000 money, goods, and chattels.' How can the defendant know what he is charged with or how to prepare for his defense? How much money, what goods, and what chattels?"

Where money and other things are charged in an indictment to have been embezzled, the writer thinks the rule in Georgia is that the indictment should state the amount of money and its value, and should specify the other property. The rule for determining the sufficiency of the description of the property (other than money) embezzled is that the description in the indictment, in connection with the other allegations thereof, shall make it affirmatively appear to the defendant what *particular instance is meant,* and thus enable the defendant to make the necessary preparation to meet the charge at the trial and to plead the judgment in bar to any subsequent prosecution for the same offense. In *Sanders* v. *State,* 86 *Ga.* 717, 725 (12 S. E. 1058), the indictment was for larceny after trust, which is governed by the same rule as embezzlement, in so far as the description of the property is concerned. The property described in the *Sanders* case, supra, was "15 head of beef cattle worth $20.00 per head." This description was held sufficient against a special demurrer contending that it did not specifically describe the property, for the reason that when the charge is that the defendant was entrusted by the prosecutor with a certain number of beef cattle, each of a certain value [the value being a descriptive averment], and that he "fraudulently converted the same to his own use," he is put upon notice *of a particular transaction* between himself and the prosecutor, and will easily apprehend it is this transaction to which the indictment refers." In the *Sanders* case, supra, the writer of the opinion quotes from 2 Bishop on Crim. Proc., § 702, as follows: "The object to be gained by the description of the stolen things—namely, to individualize the transaction, will indicate how definite it should be. The court should be able to see from it that the things are, in law, the subject of larceny; else the indictment will not, as it ought, disclose a *prima facie* case. It has been said likewise that the jury should be able to see, from the description, that the articles proven at the trial are the same which the indictment mentions. But this rule would be too strict for practical use, and the cases show that it is not observed; although, of course, *variance* in

the description would be ill. The rules are, therefore, that the description should be such as, in connection with the indictment will affirmatively declare the defendant to be guilty, will reasonably inform him *of the particular instance meant,* and put him in a position to make the needful preparation to meet the charge at the trial."

J. S. Slicer and T. J. Norman were charged, in the same indictment, with embezzlement. They were separately tried and found guilty and each excepted. The *Slicer* case reached the Supreme Court of Georgia, and is reported in 172 *Ga.* 445 (supra). The *Norman* case went to the Court of Appeals, and is reported in 44 *Ga. App.* 92 (supra). The second count of the indictment of these two defendants, which sets out the particular transactions meant, is quoted in full in the *Norman* case, supra. The original records in these cases show that the first count, which was identical with the second count, except that it did not undertake in any way to put the defendant on notice of the particular transaction or transactions meant, was stricken on demurrer, and the decisions here above quoted were made with reference to the second count, which individualized the transactions charged against the defendants as embezzlement. These decisions are, therefore, physical precedents for what is here held. The indictment in this case alleges the amount of money and its value, and is not demurred to on that ground. The indictment here does not allege what funds, or what securities, or what credits, were embezzled, and is demurred to for that reason. I do not think the "funds, securities, and credits" were described with sufficient certainty, and conclude that it was error to overrule grounds 3 and 4 of the demurrer.

It seems to the writer that the case of *Hall* v. *State,* 8 *Ga. App.* 747, 752 (supra), is authority for the contention that the error was harmful, rather than for the conclusion of the majority opinion. As the writer construes that decision with reference to the facts stated therein, it means that the overruling of the special demurrer was presumptively injurious, but that it was harmless error because it appeared upon the trial that there was not the slightest contention that the defendant kept intoxicating liquors at any public place (which was the faulty count in the indictment), and no evidence upon this subject was introduced. In the instant case the evidence was that there was a shortage of $1621.19 of notes

receivable. The error did not cease after the overruling of the demurrer, but in the subsequent progress of the case evidence was allowed under the faulty part of the indictment. Can it be said that the evidence to the effect that, in addition to the embezzlement of the money, the defendant also embezzled notes receivable did not prejudicially affect the jury against the defendant? I think not. It would be a vain and a useless thing for the court to say the demurrer should have been sustained to the indictment, and then say that the State could proceed and introduce evidence which would not merely tend to establish proof of the faulty part of the indictment, but would of itself support the improper part of the indictment to such an extent as to authorize a conviction on the indictment if it had not been demurred to, and then conclude that the error was harmless. The writer is driven to the reverse conclusion. I believe that the error was harmful, and think that the judgment should be reversed for the reasons above indicated.

If the indictment alleges that the defendant did embezzle, abstract, and wilfully misapply a certain amount of money of a certain value, and further alleges the particular transaction meant as to funds, securities, and credits, the State would be entitled to a conviction if it proved the embezzlement or abstraction or wilful misapplication of any (not necessarily all) of the money, funds, securities, and credits alleged in the indictment. *Slicer* v. *State,* supra. Is this not a fair and reasonable rule for both the State and the accused?

With reference to the alleged confessions of the defendant, he contended by his statement that they were obtained under such circumstances as not to make them binding upon him. This, of course, was a jury question.